

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00050-CR

___

ANGELO CRUZ YBARRA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A3597-1501, Honorable Robert W. Kinkaid, Jr., Presiding

___

April 16, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Angelo Cruz Ybarra, Jr., appellant, pleaded guilty to possession of a controlled substance[1] pursuant to a plea agreement with the State in June of 2015. The trial court sentenced him to serve eighteen months in the state jail division of the Texas Department of Criminal Justice and pay a fine of $1,000, but suspended the sentence and placed

___

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017).

appellant on community supervision for three years.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West 2018).

In September of 2016, the State filed a motion to revoke appellant's community supervision.  At the hearing on the State's motion in December of 2018, appellant pleaded true to the alleged violations of the terms of his community supervision.  The trial court found the alleged violations to be true, revoked appellant's community supervision, and sentenced him to eighteen months' confinement in the Texas Department of Criminal Justice.  Appellant timely filed this appeal.

In this appeal, counsel for appellant has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id.*; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment.  In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).  By letter, this Court

---

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[3]

> Judy C. Parker
> Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.